# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | 2:08-mc-3407-MHT |
| FIRST GROWTH CAPITAL, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

COMES NOW the United States of America, Plaintiff, by and through the United States Attorney for the Middle District of Georgia, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, First Growth Capital, Inc. (hereinafter, "First Growth" or "Defendant"), is a Georgia corporation having filed its Articles of Incorporation with the Secretary of State of the State of Georgia on or about January 31, 1989. Defendant

currently maintains its principal place of business at 951 Hwy 42N, Forsyth, Georgia, a place within the Middle District of Georgia, therefore venue is proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS AND APPLICABLE LAW

4. Defendant was licensed by SBA as a specialized small business investment company ("SBIC") on or about December 13, 1989, SBA License No. 04/04-5251, under Section 301(d) of the Small Business Investment Act, 15 U.S.C. § 681(d), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. Defendant's Articles of Incorporation, as amended, expressly provide that Defendant was organized solely for the purpose of operating under the Act and subject to regulations issued by SBA thereunder.

6. Section 308(c) of the Act, 15 U.S.C. § 687c, authorizes SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of an SBIC. The SBA has duly promulgated regulations implementing the Act, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

7. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a licensee may be forfeited and the company may be declared dissolved.

8. Section 311 of the Act, 15 U.S.C. § 687c, provides that upon a determination by SBA that a licensee, or any other person, has engaged in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application

for an injunction with the appropriate federal district court which shall grant a permanent or temporary injunction, or other relief without bond, upon a showing that such licensee has engaged in such acts or practices. The Court may also appoint SBA to act as receiver for such licensee.

9. On or about December 17, 1991, in accordance with Section 303 of the Act, 15 U.S.C. § 683b, SBA provided financing to Defendant in the principal sum of $1,100,000.00 through the purchase and/or guaranty of a subordinated debenture ("the Debenture") issued by Defendant, identified as Loan No. 08002000-10. The Debenture has been paid in full.

10. On or about June 24, 1992, in accordance with Section 303 of the Act, 15 U.S.C. § 683b, SBA provided further financing to Defendant in the principal sum of $800,000.00 through the purchase and/or guaranty of a subordinated debenture ("the Debenture") issued by Defendant, identified as Loan No. 08002000-08. The Debenture has been paid in full.

11. On or about July 18, 1991, in accordance with Section 303 of the Act, 15 U.S.C. § 683c, SBA provided financing to Defendant by purchasing and/or guarantying $1,045,000.00 of Preferred Securities issued by Defendant, identified as Loan No. 09001200-07.

12. In accordance with Section 683c (5)(B) of the Act, which provided that Preferred Securities include a provision requiring the issuer to redeem such securities, including any accrued and unpaid dividends, 15 years from the date of issuance, Defendant's Preferred Securities have a mandatory redemption, or maturity, date of July 2, 2006.

13. Section 107.1820 of the Regulations, 13 C.F.R. § 107.1820 (2007), provides that Preferred Securities issued before April 25, 1994 are governed by the remedies as listed in the Regulations that are in effect at the time of their issuance. Consequently, the remedies in effect in 1991 govern Defendant's Preferred Securities.

14. Section 107.205(b)(3)(ii) of the Regulations, 13 C.F.R. § 107.205(b)(3)(ii)(1991) provides that Preferred Securities purchased by SBA on or after November 21, 1989 shall be redeemed by the issuer not later than fifteen years from the date of issuance, at a price not less than the par value, plus any unpaid dividends accrued to the redemption date.

15. By letter dated September 13, 2006, SBA's Office of SBIC Operations made demand upon Defendant for payment of principal and accrued interest due and owing on the Preferred Securities that had matured on or about July 2, 2006. Payment in full was demanded within fifteen (15) days of the date of the letter.

16. Defendant failed to pay the Preferred Stock and failed to honor the terms of the Preferred Securities and was subsequently transferred to SBA's Office of Liquidation.

17. By letter dated November 20, 2006, SBA's Office of Liquidation made demand upon Defendant for payment of the amount due and owing under the Preferred Security that had matured on or about July 2, 2006 no later than fifteen (15) days from the date of the letter.

18. Defendant again failed to pay the Preferred Stock and failed to honor the terms of the Preferred Securities and remains in default of the relevant provisions of the Act, Regulations and the Preferred Securities instrument.

19. As of September 30, 2007, the total past due amount owed to SBA under Defendant's matured Preferred Securities is $1,722,732.60, consisting of $1,045,000 in principal and $677,732.60 in dividends.

## COUNT ONE
## DEFAULT IN PAYMENT OF INDEBTEDNESS

20. Paragraphs 1 through 19 are incorporated by reference as though set forth in their entirety herein.

21. Section 107.205(b)(3)(ii) of the Regulations, 13 C.F.R. § 107.205(b)(3)(ii)(1991) provides that Preferred Securities purchased by SBA on or after November 21, 1989 shall be redeemed by the issuer not later than fifteen years from the date of issuance, at a price not less than the par value, plus any unpaid dividends accrued to the redemption date.

22. Defendant's Preferred Securities, including unpaid accrued dividends, have a mandatory redemption date of July 2, 2006, having been issued on or about July 18, 1991. Thus, Defendant's Preferred Securities plus dividends have matured and are immediately due and owing.

23. By letters dated September 13, 2006 and November 20, 2006, SBA made demand upon Defendant for payment in full of the outstanding Preferred Securities Leverage and accrued dividends thereunder.

24. To date, no payment has been received and the entire amount of Defendant's indebtedness to SBA under the Preferred Securities Instrument, including principal and dividends, is still outstanding.

25. As of September 30, 2007, Defendant is indebted to SBA for the total sum of $1,722,732.60, including principal of $1,045,000 and accrued dividends of $677,732.60, plus a daily dividend accrual of $114.52.

26. As a consequence of Defendant's failure to honor the terms of its Preferred Securities and Defendant's failure to comply with the Act and Regulations, SBA has been damaged, and continues to be damaged, in the amount of $1,722,732.60 as of September 30, 2007.

## COUNT TWO
## CAPITAL IMPAIRMENT

27. Paragraphs 1 through 26 are incorporated by reference as though set forth in their entirety herein.

28. Section 107.203(b) of the Regulations, 13 C.F.R. § 107.203(b) (1991), which governs the preferred securities purchased from Defendant in July, 1991, provides that the entire indebtedness, and/or the principal amount, of an SBIC's preferred securities may be declared due and payable on the happening of certain events of default, as described in that regulation.

29. Section 107.203(d) of the Regulations, 13 C.F.R. § 107.203(d) (1991) provides that a condition of capital impairment is an event of default. This section further provides that a Section 301(d) Licensee, such as Defendant, has a condition of Capital Impairment if its capital impairment percentage is greater than 75.

30. Based upon a Statement of Financial Position, SBA Form 468, provided to SBA by Defendant, SBA determined that, as of March 31, 2007, Defendant was over 100% capitally impaired.

31.   By letter dated August 30, 2007, SBA informed Defendant that, as of that date, First Growth's capital impairment percentage was 104.09%. Defendant was notified that the capital impairment percentage constituted an event of default that had to be within 15 days from the date of the letter.

32.   To date, Defendant has failed to remit any payments to SBA under the Preferred Securities instrument and remains capitally impaired in violation of 13 C.F.R. 107.203 (b),(d) (1991).

33.   As of September 30, 2007, the total past due amount owed to SBA under Defendant's matured Preferred Securities is $1,722,732.60, consisting of $1,045,000 in principal and $677,732.60 in dividends.

**WHEREFORE**, Plaintiff prays as follows:

A.   That permanent injunctive relief be granted restraining First Growth Capital, Inc., its officers, agents, managers, employees, financial managers, and other persons acting on its behalf, in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of First Growth, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder;

B.   That this Court determine and adjudicate First Growth Capital Inc.'s noncompliance with, and violation of, the Act and the Regulations promulgated thereunder;

C.   That this Court take exclusive jurisdiction of First Growth and all of its assets, wherever located, appoint SBA as permanent, liquidating receiver of First Growth for the purpose of liquidating all of First Growth's assets and satisfying the claims of creditors

therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to First Growth against third parties, as appropriate;

D. That this Court render Judgment in favor of SBA and against First Growth in the amount of $1,722,732.60, consisting of $1,045,000 in principal and $677,732.60 in dividends as of September 30, 2007, with a daily dividend accrual of $114.52, up until the date of judgment, together with post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered;

E. That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted, this November 19 , 2007.

MAXWELL WOOD
UNITED STATES ATTORNEY

By:   s/DONALD L. JOHSTONO
Assistant United States Attorney
Georgia Bar No. 397015
UNITED STATES ATTORNEY'S OFFICE
Post Office Box 1702
Macon, Georgia 31202
Telephone: 478-621-2700
Facsimile: 478-621-2712